Richard O'LEARY, Appellant,

v.

IOWA STATE MEN'S REFORMATORY, sued as Iowa Men's Reformatory; Iowa Department of Corrections, sued as Department of Corrections; James Jaeger, sued as C/O Jager; Unknown McLaughlin, C/O, sued as C/O McLaughlin; Michael Neiers, sued as C/O Neires; Kenneth Lewis, sued as Lt. Lewis; David Koffron, sued as C/O Kaffern; Broderson, C/O; Larry J. Theilen, C/O, sued as C/O Theilen; Steve Faber, sued as Lt. Faber; Unknown Stutt, sued as C/O Stutt; Tope, C/O; Stall, C/O; John A. Thalacker; John Sissel; Russell Behrends; Jerome Manternach; Steve Faber; Randy Caspers, sued as Randy Cas-

per; Michael McLaughlin, sued as Mike McLaughlin; Kenneth Lewis, Lt., sued as Ken Lewis; Delmar Thibadeau, CS II, sued as Delmar Thibadeau; D.L. Barney; Unknown Steins, C/O, sued as C.O. Steins, Appellees.

Jefferson Leroy CALHOUN, Appellant,

v.

Randy CASPERS, sued as SCO Randy Caspers; William Rindy, SCO, sued as SCO Rindy; Russell Behrends, sued as Russ Behrends; David Smalley, C/O; Delmar Thibadeau, CS II, sued as CS II Thibadeou; John A. Thalacker, sued as John Thalcker, Appellees.

Nos. 95–1777, 95–1778.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1995.

Decided Feb. 5, 1996.

Philip B. Mears, argued, Iowa City, Iowa, for appellants.

Layne M. Lindeback, Asst. Attorney General, argued, Des Moines, Iowa (Robin Andrew Humphrey, on the brief), for appellees.

Before BOWMAN and LOKEN, Circuit Judges, and SCHWARZER,* Senior District Judge.

PER CURIAM.

■ Richard O'Leary and Jefferson Leroy Calhoun brought actions under 42 U.S.C. § 1983 challenging the four-day behavior management program of the Iowa Men's Reformatory (IMR) as cruel and unusual punishment violating the Eighth Amendment of the Constitution. Their actions were consolidated and came to trial before a magistrate judge who ruled against their claims. The district court[1] accepted the magistrate judge's report and recommendation and entered judgment for defendants on the Eighth Amendment claims. Other claims and issues raised in the district court are not on appeal. We review de novo the district court's conclusion that the factual findings below do not establish an Eighth Amendment violation, *see Choate v. Lockhart,* 7 F.3d 1370, 1373 (8th Cir.1993), and affirm.

In November 1991, Calhoun, after having received several recent disciplinary reports, was involved in an incident in which he refused to reenter the disciplinary detention center following outdoor exercise. An IMR correctional officer placed him in a progressive four-day behavior management program. On the first day of the program, the inmate is deprived of underwear, blankets and mattress, exercise, and visits but not his normal diet, sanitation, and hygienic supplies; he may read but not retain his mail. On the second and following days, the inmate gradually regains the deprived items so long as he demonstrates satisfactory behavior. If he fails to make a satisfactory showing on any day, he must repeat it. If his behavior is

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1. The Honorable Mark W. Bennett, District Judge, United States District Court for the Northern District of Iowa.

**84**

satisfactory throughout, he will complete the program in four days and be returned to his prior status. In Calhoun's case, he had to sleep on a concrete slab for four days and to spend six days altogether in the four-day program. The magistrate judge found that while in the program, Calhoun "bottomed out" emotionally and suffered from temporary depression.

O'Leary was first placed in the four-day program in October 1991, after receiving a large number of disciplinary reprimands. He was required to spend three days without a blanket or mattress in the program's first day and completed the program in six and one-half days. He was again placed in the program in 1992 after an altercation with another inmate.

In *Williams v. Delo*, 49 F.3d 442 (8th Cir.1995), we rejected an Eighth Amendment attack on a four-day disciplinary confinement of an inmate in the Missouri Potosi Correctional Center under similar though somewhat more severe conditions. Williams was placed in a strip cell without clothes. The cell had a light, toilet, and sink but the water was turned off and the mattress removed. Williams received three meals a day, consisting of fruit, sandwiches, and milk. His bedding, clothing, legal mail, and hygienic supplies were withheld. Applying *Farmer v. Brennan*, —— U.S. ——, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), we held that the deprivation did not result "in the denial of the minimal civilized measures of life's necessities," and that the prison officials were not "deliberately indifferent to 'an excessive risk to inmate health or safety....'" 49 F.3d at 445 (quoting *Farmer*, —— U.S. at ——, ——, 114 S.Ct. at 1977, 1979).

 Under our ruling in *Williams*, neither Calhoun nor O'Leary was denied "the minimal civilized measures of life's necessities." They were not denied food or water. Moreover, while the magistrate judge found that Calhoun was required to sleep on a "cold" concrete slab located ten feet from the exterior door of the building when outside temperatures ranged from the twenties to the fifties, he also found that the inside ambient temperatures typically exceeded eighty degrees. Thus, plaintiffs also fail to demonstrate a deprivation of shelter.

 The second, subjective prong of the test under *Farmer v. Brennan* requires proof that the prison officials were "deliberately indifferent to 'an excessive risk to inmate health or safety.'" —— U.S. at ——, 114 S.Ct. at 1979. The fact that plaintiffs suffered pain and discomfort is insufficient to prove this element. Plaintiffs have provided no evidence that any of the defendant prison officials knew of and disregarded an excessive risk to plaintiffs' health or safety.

AFFIRMED.